UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
JOHN DEATON and                )
MARIA FERRO DEATON,            )
                               )
        Plaintiffs             )
v.                             )    C.A. No. 17-167 S
                               )
MARIE NAPOLI, PAUL NAPOLI,     )
MARC J. BERN, NAPOLI BERN RIPKA)
SHKOLNIK, LLP, and NAPOLI      )
SHKOLNIK, PLLC,                )
                               )
        Defendants.            )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court are two motions. The first is Defendants Marie and Paul Napoli's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue.[1] The Second is Defendants Napoli Bern Ripka Shkolnik, LLP ("Napoli Bern") and Napoli Shkolnik, PLLC's ("Napoli Shkolnik") Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim.[2] The Plaintiffs responded to Defendants Marie and Paul Napoli's Motion,

---

[1] See Defs. Marie Napoli's and Paul Napoli's Mem. of Law in Support of Mot. to Dismiss or, in the Alternative, to Transfer Venue ("Napoli Mot. to Dismiss"), ECF No. 8-1.

[2] See Defs. Napoli Bern's and Napoli Shkolnik's Mem. of Law in Support of Mot. to Dismiss ("Firm Defs.' Mot. to Dismiss"), ECF No. 14-1.

1

but failed to respond to Napoli Bern's and Napoli Shkolnik's Motion.[3] After considering the evidence and arguments presented by the parties, and for the reasons set forth herein, Defendants Napoli Bern's and Napoli Shkolnik's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim is GRANTED. Defendants Marie and Paul Napoli's Motion is also GRANTED with respect to transfer of venue; the remaining claims are hereby transferred to the Eastern District for the District of New York.

I. Background

The following facts are gleaned from the Plaintiffs' Complaint.

Plaintiffs are attorneys in Rhode Island who were previously married and both reside in Rhode Island.[4] Plaintiff John Deaton is an asbestos litigator and the owner of The Deaton Law Firm, LLC, headquartered in Rhode Island.[5] The Defendants Marie and Paul Napoli are attorneys who reside in and are citizens of New York.[6] The Defendants Napoli Bern and Napoli Shkolnik are law firms that

---

[3] Pls.' Mem. of Law in Support of Their Obj. to Mot. to Dismiss ("Pls. Obj.") ECF No. 12-1.

[4] Compl. ¶¶ 2-3, 13 ECF No. 1-2.

[5] Id. ¶ 14.

[6] Id. ¶ 4-5, 11.

2

are based in New York and are, according to the Complaint, competitors to The Deaton Law Firm.[7]

In November of 2007, John Deaton employed Vanessa Dennis as an associate/paralegal at his law firm, The Deaton Law Firm.[8] Dennis stayed at the firm until January 31, 2011, at which point she left the firm to work for Napoli Bern.[9] According to the Complaint, during Vanessa Dennis's tenure at Napoli Bern, Vanessa Dennis and Defendant Paul Napoli had an affair, which was discovered by Defendant Marie Napoli.[10] On May 21, 2013, Defendant Marie Napoli sent a Facebook message to both Plaintiffs inquiring whether John Deaton also had an affair with Vanessa Dennis when she worked for him, and whether it was the cause of the Plaintiffs' divorce. While Maria Ferro Deaton did not reply, John Deaton stated that there was no affair, and that the divorce was underway prior to him meeting Vanessa Dennis.[11]

Four years later, according to the Plaintiffs' Complaint, in February of 2017, "Plaintiffs were alerted by civil defense attorneys . . . that [the Plaintiffs], their divorce and children

---

[7] Id. ¶¶ 7-8, 14.

[8] Id. ¶ 15.

[9] Id. ¶¶ 16-17.

[10] Id. ¶ 17.

[11] Id. ¶ 19.

were discussed within court filings by the Defendants."[12] In a filing in which Defendant Marie Napoli was a plaintiff, Marie Napoli asserted that an affair took place between John Deaton and Vanessa Dennis.[13] Plaintiffs also allege in their Complaint that, "the Defendants wrote, sent or caused to be delivered, several letters [containing false allegations regarding an affair between John Deaton and Vanessa Dennis] to colleagues and fellow plaintiff attorneys of Plaintiff Deaton and their wives, who practice within asbestos litigation."[14] Plaintiffs allege that the statements are defamatory and have tortuously interfered with Plaintiffs' business relations.[15]

The Complaint was originally filed in April of 2017 in Rhode Island Superior Court, but was removed to this Court on grounds of diversity jurisdiction.[16] As noted above, the Defendants Marie and Paul Napoli, and the law firms Defendants Napoli Bern and Napoli Shkolnik, have filed Motions to Dismiss for lack of personal jurisdiction. The Plaintiffs responded to Defendants Marie and

---

[12] Id. ¶ 20.

[13] Id. ¶ 20.

[14] Id. ¶ 21.

[15] Id. ¶ 25.

[16] Notice of Removal, ECF No. 1.

4

Paul Napoli's Motion but failed to respond to the law firm Defendants' motion.

II. Personal Jurisdiction

a. Personal Jurisdiction over Marie and Paul Napoli

For this Court to have personal jurisdiction over Marie and Paul Napoli, Plaintiffs must show that (1) the Rhode Island long-arm statute grants jurisdiction over the claim; and (2) exercising jurisdiction does not violate the Due Process Clause of the Fourteenth Amendment.[17] Rhode Island's long-arm statute "extends up to the constitutional limitation."[18] Therefore, this Court need only focus on the limitations of the Due Process Clause of the Fourteenth Amendment.

Under the Due Process Clause, Plaintiff has the burden of showing that Marie and Paul Napoli have had certain "minimum contacts" with Rhode Island such that this Court's hearing of the case would "not offend 'traditional notions of fair play and substantial justice.'"[19] While Plaintiff can meet this standard by demonstrating either general or specific jurisdiction, Plaintiffs

---

[17] Daynard v. Ness, et al., 290 F.3d 42, 52 (1st Cir. 2002).

[18] Am. Sail Training Ass'n v. Litchfield, 705 F. Supp. 75, 78 (D.R.I. 1989) (quoting Conn. v. ITT Aetna Finance Co., 252 A.2d 184, 186 (R.I. 1969)).

[19] Phillips v. Prairie Eye Ctr., 530 F.3d 22, 26, 27 (1st Cir. 2008) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)).

argue jurisdiction over Marie and Paul Napoli only on specific jurisdiction grounds.[20] For claims of specific jurisdiction, the Court employs a three-pronged analysis that requires a showing of "relatedness, purposeful availment, and reasonableness":

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.[21]

Plaintiff has the burden of establishing all three prongs.[22] Plaintiffs evidence on this issue is reviewed using the prima facie method:

> Under [this] standard, the inquiry is whether the plaintiff has proffered evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction. In order to make a prima facie showing of jurisdiction, the plaintiff ordinarily cannot rest upon the pleadings but is obliged to adduce evidence of specific facts. The court must accept the plaintiff's (properly documented) evidentiary proffers as true for the purpose of determining the adequacy of the prima facie jurisdictional showing, and construe them in the

---

[20] Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005) (comparing general and specific jurisdiction); Pls.' Obj. to Motion to Dismiss 7, 12.

[21] Adelson v. Hananel, 510 F.3d 43, 49 (1st Cir. 2007) (emphasis added).

[22] Id. at 48.

6

light most congenial to the plaintiff's jurisdictional claim.[23]

a. Relatedness

"The relatedness inquiry for tort claims focuses on whether the defendant's <u>in-forum</u> conduct caused the injury or gave rise to the cause of action."[24] In determining relatedness "[w]hen physical presence is lacking, [this Court] look[s] for some other indication that the defendant reached in the forum, such as mail or telephone contacts."[25]

The Plaintiffs cite two contacts that they believe render Defendants Marie and Paul Napoli subject to this Court's jurisdiction. The first contact is a Facebook message that Marie Napoli sent to Plaintiffs.[26] The second, "that the Defendants wrote, sent or caused to be delivered, several letters to colleagues and fellow plaintiff attorneys of Plaintiff Deaton and their wives, who practice within asbestos litigation in the State of Rhode Island."[27]

---

[23] <u>Phillips</u>, 530 F.3d at 26 (internal citations and quotations omitted).

[24] <u>Untied States v. Swiss Am. Bank, Ltd.</u>, 274 F.3d 610, 622 (1st Cir. 2001) (emphasis in original).

[25] <u>Id.</u>

[26] Pls.' Obj. to Mot. to Dismiss 2, 8.

[27] <u>Id.</u> at 8.

7

Regarding the first contact, the Facebook message, the message is related to Rhode Island in the sense that it was sent to Plaintiffs' who reside in Rhode Island. Nevertheless, as discussed above, to satisfy the relatedness prong "the defendant's <u>in-forum</u> conduct . . . [must give] rise to the cause of action."[28] A Facebook message sent from Marie Napoli to John Deaton and Maria Ferro Deaton, however, cannot give rise to a claim for defamation because it does not involve a third-party.[29] Nor can it give rise to the claim that "publication of such statements to lawyers and others involved in the nationwide practice of asbestos litigation . . . tortuously interfere[ed] with Plaintiffs' business relationships" because, again, the Facebook message involved no third-party.[30]

Personal jurisdiction of Plaintiffs claims over Marie and Paul Napoli must therefore live or die on the second contact cited by Plaintiffs, the "several letters." The first inquiry is whether these alleged letters constitute an "<u>in-forum</u> conduct."[31] As discussed above, it is the Plaintiff's burden to "adduce evidence

---

[28] <u>Swiss Am. Bank, Ltd.</u>, 274 F.3d at 622 (emphasis in original).

[29] See <u>Cullen v. Auclair</u>, 809 A.2D 1107, 1110 (R.I. 2002).

[30] Compl. ¶ 25.

[31] <u>Swiss Am. Bank, Ltd.</u>, 274 F.3d at 622 (emphasis in original).

8

of specific facts" that satisfy all aspects of jurisdiction.[32] Furthermore, the Plaintiffs "must do more than simply surmise the existence of a favorable factual scenario; he must verify the facts alleged through materials of evidentiary quality."[33]

Plaintiffs' evidence of specific facts related to the alleged letters is an Affidavit from John Napoli in which he states essentially the same statement made in the Complaint:

> . . . I further learned, from discussions with other attorneys and from the readings of court filings, that the Defendants wrote, sent or caused to be delivered, several letters to colleagues and associates of mine, who also practice within asbestos litigation in the State of Rhode Island."[34]

Plaintiffs also provided a copy of one of the "several letters," which was also provided in the Complaint. Conspicuously absent from both the copy of the letter, and from John Deaton's Affidavit, is any proffer that the letters were actually sent, delivered or published in Rhode Island. As such, there is no allegation of an <u>in-forum</u> contact.[35] As there is no <u>in-forum</u>

---

[32] <u>Phillips</u>, 530 F.3d at 26 (internal citations and quotations omitted).

[33] <u>Barrett v. Lombardi</u>, 239 F.3d 23, 27 (1st Cir. 2001).

[34] Affidavit of John Deaton, Ex. A ("Affidavit of John Deaton") ¶ 13; Compl. ¶ 21.

[35] <u>See, e.g.</u> <u>Donatelli v. UnumProvident Corp.</u>, 324 F. Supp. 2d 153, 159 (D. Me. 2004) (finding that alleged defamatory letter sent from Tennessee to New York did not create personal jurisdiction over Defendant in Maine because "[u]ltimately,

9

contact, Plaintiffs have not satisfied their burden on the relatedness prong and it is unnecessary to discuss purposeful availment and reasonableness. Accordingly, there is no personal jurisdiction over Marie and Paul Napoli.[36]

b. Personal Jurisdiction over Napoli Bern and Napoli Shkolnik

As discussed, the framework for analyzing personal jurisdiction is clear: it is the Plaintiffs' burden to demonstrate personal jurisdiction. Napoli Bern and Napoli Shkolnik have contested jurisdiction, and Defendants have failed to respond. The only information Plaintiffs provided in their Complaint regarding personal jurisdiction pertaining specifically to Napoli Bern and Napoli Shkolnik is that:

> "(1) the defendant, Napoli Shkolnik PLLC, a firm at which defendant Maria Napoli is a partner and defendant Paul Napoli is of-counsel, advertises as conducting business in Rhode Island [and]; (2) the Defendant Napoli Bern Ripka Shlonik, LLP, a firm at which Paul Napoli and Marc Bern were partners, practiced law within Rhode Island

---

[Defendant had] not offered any evidence of an in-forum defamatory publication").

[36] It is worth noting that Plaintiffs' argument that "this Court also has the power to exercise personal jurisdiction over the Defendants based upon the 'effects test' established by the United States Supreme Court" in Calder v. Jones, 465 U.S. 783 (1984), is unavailing. (Pls. Obj. 1, 12-14.) The argument fails because the "effects test" of Calder does not form an independent basis for jurisdiction. It is well established "that Calder's 'effects' test was adopted 'for determining purposeful availment in the context of defamation cases." Swiss Am. Bank, Ltd., 274 F.3d at 623 (citing Noonan v. Winston Co., 135 F.3d 85, 90 (1st Cir. 1998). "[It] is to be applied only after the relatedness prong has already been satisfied."[36]

and appeared on behalf of clients in Rhode Island courts."[37]

Because the Plaintiffs' outline their jurisdictional claim over Defendants Napoli Bern and Napoli Shkolnik in their Complaint based on the firms' contacts with Rhode Island that are not related to the claim, this Court assumes the Plaintiffs sought personal jurisdiction over the law firms based on a theory of general jurisdiction.

To have general jurisdiction over a defendant, "in which the cause of action may be unrelated to the defendant's contacts, [first] the defendant must have continuous and systematic contacts with the state. Second . . . the defendant's contacts with the state must be purposeful. And third, the exercise of jurisdiction must be reasonable under the circumstances."[38] Again, it is the Plaintiffs responsibility to establish personal jurisdiction. The Court "accept[s] the plaintiff's (properly documented) evidentiary proffers as true"[39] and "[t]hose facts put forward by the defendant become part of the mix [if] . . . they are uncontradicted."[40]

---

[37] Compl. ¶ 11.

[38] Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005) (citations omitted).

[39] Phillips, 530 F.3d at 26.

[40] Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998).

Both of the law firm defendants, which are based out of New York, as part of their Motion to Dismiss, which was not responded to, provided evidence that Napoli Bern's contacts with Rhode Island do not meet the above standard. For example, the Defendants claim that Napoli Bern has represented clients in litigation in Rhode Island twice (through local counsel)[41], have never had a Rhode Island office, and have not specifically targeted advertisements at Rhode Island.[42] Additionally, the law firm Defendants provide evidence that Napoli Shkolnik has never represented a client in litigation in Rhode Island and has never targeted advertisements specifically at Rhode Island.[43] These types of contacts generally do not amount to a finding of general jurisdiction over defendants.[44] As this evidence is uncontradicted, Plaintiffs have

---

[41] Paul Napoli, in his Affidavit, states: "Napoli Bern attorneys have represented a client in litigation pending in a Rhode Island Court through local counsel on approximately two occasions." (Firm Defs.' Mot. to Dismiss Ex. A, Affidavit of Paul Napoli, Esq. ¶10). Plaintiffs' have provided a list of cases in Rhode Island that Napoli Bern was/is involved in. (Pls. Obj. Ex. 1, ECF No. 12-2.) While there are nineteen entries on this list, all of the entries appear to refer back to two case numbers and one Master Case.

[42] Firm Defs.' Mot. to Dismiss 8; Firm Defs.' Mot. to Dismiss, Ex. A, Affidavit of Paul Napoli, Esq. ¶¶ 6, 8, 10, ECF No. 14-2.

[43] Id.

[44] See, e.g., Cossaboon v. Me. Med. Ctr., 600 F.3d 25, 34-39 (1st Cir. 2010) (concluding that a medical center located in Maine that provided medical services exclusively in Maine was not subject to general jurisdiction in New Hampshire, despite a degree of

not met their burden to demonstrate personal jurisdiction over the law firm defendants.

III. Venue

Having found that this Court lacks personal jurisdiction over Plaintiffs' claims over Marie and Paul Napoli, and Napoli Bern and Napoli Shkolnik, the Court must now determine whether the claims should be dismissed or transferred. Under 28 U.S.C. § 1631,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . .

The statute creates a "rebuttable presumption in favor of transfer."[45] This presumption is rebutted only where the Court finds, after consideration of the entire record, that the interests of justice favor dismissal.[46] The Court should consider whether the "transfer would unfairly benefit the proponent, impose an unwarranted hardship on an objector, or unduly burden the judicial

---

advertising in New Hampshire and treating some New Hampshire residents, among other contacts).

[45] Fed. Home Loan Bank of Boston v. Moody's Corp., 821 F.3d 102, 119 (1st Cir.), cert. denied, 137 S. Ct. 304 (2016) (citing Britell v. United States, 318 F.3d 70, 73 (1st Cir. 2003)).

[46] Britell, 318 F.3d at 74 ("Thus, even though transfer is the option of choice, an inquiring court must undertake case-specific scrutiny to ferret out instances in which the administration of justice would be better served by dismissal.").

system."[47] These considerations require review of whether the claimant has "acted in bad faith" or has brought a claim that "is fanciful or frivolous."[48]

Based on the facts before the Court, the jurisdiction in which it is clearest that Plaintiffs' claim "could have been brought at the time it was filed," 28 U.S.C. § 1631, is the Eastern District of New York. Defendants Marie and Paul Napoli, and the law firm Defendants, have indicated that the claims would be more appropriate in New York.[49] The Plaintiffs, in their Complaint, discuss statements made in litigation in the Eastern District of New York and recognize that Paul and Marie Napoli reside in New York, and that the Napoli Bern law firm is a New York entity and Napoli Shkolnik's principal office is in New York.[50] Therefore, the only question remaining for this Court is whether transferring the case to the Eastern District of New York would disrupt the interests of justice.

Having reviewed the totality of the record, the Court finds no factors that favor dismissal over transfer of the claim against the Defendants Marie and Paul Napoli. For instance, the Court finds

---

[47] Id. (internal citations omitted).

[48] Id. at 75.

[49] Napoli Mot. to Dismiss 8; Firm Defs.' Mot. to Dismiss 18.

[50] Comp. ¶¶ 4-5, 7-8, 20.

14

no evidence in the record to suggest that the claimants have "acted in bad faith" or have brought a claim that "is fanciful or frivolous" in regards to Marie and Paul Napoli.[51] Moreover, the Court finds that transferring Plaintiffs' claims against Defendants Marie and Paul Napoli, as opposed to dismissing them, would not "unfairly benefit" Defendants, "impose an unwarranted hardship on" Plaintiffs, or "unduly burden the judicial system."[52] To the contrary, transferring this claim would "further[] the salutary policy favoring the resolution of cases on the merits," as was the intent of 28 U.S.C. § 1631.[53]

While the claims over Defendants Marie and Paul Napoli should be transferred, the Court does not take the same position regarding the claims against Napoli Bern and Napoli Shkolnik. "[I]f an action or appeal is fanciful or frivolous, it is in the interest of justice to dismiss it rather than to keep it on life support (with the inevitable result that the transferee court will pull the plug)."[54] There is ample evidence that Plaintiffs' claims against the law firm Defendants are frivolous.

---

[51] Britell, 318 F.3d at 75.

[52] Id. at 74.

[53] Id.

[54] Id. at 75.

15

The Plaintiffs assert that, "[w]ithin Court filings, the Defendant Maria Napoli and Napoli Shkolnik PLLC maliciously, without cause and in complete disregard for the truth, [made defamatory statements] which [were] repeated in several versions in the various courts Defendant Maria Napoli filed lawsuits."[55] The Plaintiffs then cite the Complaint from a case of the Eastern District of New York, Napoli v. Ratner, in which Marie Napoli is the Plaintiff. The problem with this, as Defendants point out, is that Napoli Shkolnik PLLC was not involved in representing Marie Napoli in that case.[56] After reviewing the Complaint from Napoli v. Ratner et al, which the law firm Defendants attached as Exhibit to their Motion to Dismiss, it appears it was Napoli Law, PLLC, not Napoli Shkolnik PLLC that represented Marie Napoli in that case.[57]

Regarding Napoli Bern, the basis for Plaintiffs claim against the Defendant is a mystery. The law firm Defendants note that, "the [C]omplaint does not allege that any defamatory statements concerning the plaintiffs were made by an employee or agent of

---

[55] Compl. ¶ 20.

[56] Firm Defs.' Mot. to Dismiss 18; Firm Defs.' Mot. to Dismiss Ex. B, Affidavit of Paul Napoli, Esq. ¶ 12; Firm Defs.' Mot. to Dismiss, Ex. C, Marie Napoli Compl., Compl. Napoli v. Ratner Docket No2:16-cv-06483 (E.D.N.Y.) ("Marie Napoli Compl.").

[57] Marie Napoli Compl.

Napoli Bern."[58] Indeed, after reviewing the documents, there is no accusation of any specific action by Napoli Bern in the facts of the Complaint or in John Deaton's Affidavit.[59] Plainly put, the actions are frivolous. Accordingly, the claims over these Defendants are dismissed for failure to state a claim.

IV. Conclusion

For the reasons described above, Defendants Napoli Bern's and Napoli Shkolnik's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (ECF No. 14) is GRANTED. Defendants Marie and Paul Napoli's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue (ECF No. 8) is GRANTED with respect to transfer of venue; the remaining claims in this case are hereby transferred to the Eastern District for the District of New York.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date: August 4, 2017

---

[58] Firm Defs.' Mot. to Dismiss 16.

[59] Compl. ¶¶ 13-28; Affidavit of John Deaton ¶¶ 1-21.

17